UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL REILLY,

       Plaintiff,

v.                                    Case No:   2:15-cv-14-FtM-38DNF

STATE OF FLORIDA,

       Defendant.

_____/

## ORDER[1]

This matter comes before the Court on the Plaintiff, Michael Reilly's Objection to the Court's Order construed as a Motion for Reconsideration (Doc. #5) filed on February 3, 2015.  On January 28, 2015, the Court issued an Order denying the Plaintiff's Motion to proceed *in forma pauperis* and dismissing the Plaintiff's Complaint for failure to state a claim. (Doc. #4).  The Plaintiff objects to the Order dismissing his case and moves to "quash" the Order.

In his Complaint, the Plaintiff alleged that he was arrested in 1998 and again in 2004 in violation of his First Amendment Rights pursuant to Fla. Stat. §843.02 (resisting an officer without violence).  However, the Complaint did not provide any facts or law as to which agency arrested him, who the officers were, or how they violated his First

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Amendment rights.  Instead, the Plaintiff merely states that Fla. Stat. §843.02 violated his First Amendment rights and is unconstitutional on its face.

The Court denied Plaintiff's Motion for IFP and dismissed his Complaint and directed him to file an amended complaint on or before February 27, 2015.  The Plaintiff was cautioned that his case would be dismissed without further notice if he failed to comply with the Court's Order.  Instead of complying with the Court's Order, the Plaintiff filed the instant objection construed as a reconsideration.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302 (M.D. Fla. September 13, 2006) (citing American Ass'n of People with Disabilities v. Hood, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)).  The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994).  "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).  The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)).  A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. Carter, 2006 WL 2620302 at * 1.  The Court's opinions "are not intended as mere first

drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. Of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

The Plaintiff argues that he does not need specific facts because he is challenging Fla. Stat. §843.02 as unconstitutional on its face. "A facial challenge, as distinguished from an as-applied challenge, seeks to invalidate a statute or regulation itself." Indigo Room, Inc. v. City of Fort Myers, 710 F.3d 1294, 1302 (11th Cir.2013) (quoting Horton v. City of St. Augustine, 272 F.3d 1318, 1329 (11th Cir.2001) (internal quotation marks omitted)). In order to successfully bring a facial challenge, "the challenger must establish that no set of circumstances exists under which the Act would be valid." Id. (quoting U.S. v. Salerno, 481 U.S. 739, 745, 107 S. Ct. 2095, 95 L. Ed.2d 697 (1987)).

Plaintiff does not provide the Court any new substantive law or facts that would cause the Court to overturn its Order denying IFP and dismissing his case. The Plaintiff sets forth no legal arguments or facts to support his claim that Fla. Stat. §843.02 is unconstitutional on its face.

Furthermore, Reilly's claim continues to violate Fed. R. Civ. P. 8 and 10. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct.

1955, 167 L. Ed 2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Twombly, 128 S. Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

Rule 10 requires that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded upon on a separate transaction or occurrence– and each defense other than a denial– must be stated in and separate count or defense.

Fed. R. Civ. P. 10(b). Reilly's Complaint still consists of four (4) unnumbered paragraphs. Thus the Complaint fails to comply with Fed. R. Civ. P. 10.

Plaintiff's Complaint merely makes a conclusory allegation that the Fla. Stat. §843.02 is unconstitutional on its face with nothing to support the allegation. Thus, the Court stands by its previous order. However, the Plaintiff will be given one more opportunity to comply with the Court's Order to file an Amended Complaint that complies with the Federal Rules or his case will be dismissed with prejudice and without further notice.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Michael Reilly's Objection to the Court's Order construed as a motion for reconsideration (Doc. #5) is **DENIED**.  The Plaintiff has up to and including **June 30, 2015**, to file an Amended Complaint in compliance with the Federal Rules and this Court's Orders or his case will be dismissed with prejudice and without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of June, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record