UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL REILLY,

    Plaintiff,

v.                                             Case No:  2:15-cv-14-FtM-38DNF

STATE OF FLORIDA,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on the Plaintiff, Michael Reilly's Objection to the Court's Order and Suggestion that Counsel be Appointed (Doc. #7) filed on June 23, 2015. On January 28, 2015, the Court denied the Plaintiff's Motion to proceed *in forma pauperis* because his Complaint was found to be frivolous and without merit. The Court then dismissed Plaintiff's Complaint with leave to amend. The Plaintiff objected to the Court's denial and dismissal. On June 16, 2015, the Court issued an Order (Doc. #6) denying the Plaintiff's objection. The Plaintiff now objects to the Court's Order denying his initial objection.

Upon review of the previous objection and the Court's reasoning, the Court stands by its previous Order (Doc. #6) and overrules Plaintiff's current objection. The Plaintiff's Complaint is nothing more than a conclusory allegation that fails to comply with Fed. R.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Civ. P. 8 and 10. A plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (aboragating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

The Plaintiff also suggests that the Court appoint counsel to represent him. The United States Supreme Court has stated that "[t]he pre-eminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Dept. of Social Services, 452 U.S. l8, 25, 101 S. Ct. 2153, 68 L. Ed. 2d 640 (l98l). An action like the Plaintiff's case here attacking a statute as unconstitutional is civil in nature and does not affect a plaintiff's physical liberty.

When exceptional circumstances are present, the Court has the discretion under 28 U.S.C. § l9l5(d)[1] to request an attorney to represent a litigant proceeding *in forma pauperis.* A finding of exceptional circumstances depends upon assessment of two basic factors: (l) The type and complexity of the case; and, (2) the abilities of the individual bringing it. Branch v. Cole, 686 F.2d 264, 266 (5th Cir. l982). Ulmer v. Chancellor, 69l F.2d 209, 2l3 (5th Cir. l982) and Cook v. Bounds, 5l8 F.2d 779, 780 (4th Cir. l975).

In the present case, the Court finds no exceptional circumstances at this juncture necessitating appointment of counsel and will therefore deny Plaintiff's motion for appointment of counsel. Schack v. Florida, 39l F.2d 593, 595 (5th Cir.1968), cert. denied,

---

[1] Section 1915(d) does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 109 S. Ct. 1814, 104 L Ed. 318 (1989).

392 U.S. 9l6 (l968).  The Court has considered the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his claim.  686 F.2d at 266.  This is not a complex case and does not raise any new or novel issues or facts. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Further, Plaintiff has shown the ability to follow the case on CM/ECF and file objections to orders he disputes.  Thus from the pleadings and filings in this case by the Plaintiff, the Court notes that the Plaintiff has shown the ability to litigate this action *pro se*. Wolff v. McDonnell, 4l8 U.S. 539, 570, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).

Further, *pro se* complaints are held to less stringent standards than formal pleadings drafted by a lawyer. Haines v. Kerner, 404 U.S. 5l9, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (l972).  A complaint filed *pro se* will not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Scheuer v. Rhodes, 4l6 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 90  (l974), *rev'd in part on other grounds*, Davis v Scherer, 468 U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 139 (1984) (over turning the qualified immunity principle in Scheuer v. Rhodes, by holding that qualified immunity may be overcome by a showing that the plaintiff's constitutional rights were clearly at issue when the alleged violation of those rights occurred).  This Court is liberal in reviewing *pro se* complaints, giving individuals ample opportunity to amend their complaints if necessary, and granting generous extensions of time to comply with court orders.  Consequently, the Court's liberal construction of *pro se* complaints, coupled with Plaintiff's apparent ability to litigate this action *pro se*, convinces the Court that the appointment of counsel is not necessary in this case.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Michael Reilly's Objection to the Court's Order and Suggestion that Counsel be Appointed ([Doc. #7](Doc. #7)) is **DENIED**.  The Court will extend the time for the Plaintiff to file his Amended Complaint up to and including **July 15, 2015**.  Failure to comply with this Order will result in the Plaintiff's Complaint being dismissed without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of June, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4