UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL REILLY,

    Plaintiff,

v.                                         Case No:  2:15-cv-14-FtM-38MRM

STATE OF FLORIDA,

    Defendant.
_____/

**ORDER**[1]

This matter comes before the Court on the Plaintiff, Michael Reilly's Amended Complaint (Doc. #9) filed on July 1, 2015. The Plaintiff claims that Florida Statute § 843.02 is on its face unconstitutional. The statute provides:

> Whoever shall resist, obstruct, or oppose any officer ... or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree[.]

Fla. Stat. § 843.02. Facial challenges are only successful when there is no way a law could be administered within the bounds of the Constitution.

> A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid. The fact that the [challenged act] might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

*Miata v. City of Daytona Beach*, No. 6:14-cv-1428-Orl-31KRS, 2015 WL 506287, at *3-4 (M.D. Fla. Feb. 6, 2015) (citing *U.S. v. Salerno,* 481 U.S. 739, 745 (1987)).

The Court has cautioned the Plaintiff on three previous occasions – January 28, 2015 (Doc. #4), June 16, 2015 (Doc. #6), and June 25, 2015 (Doc. #8) – about the inadequacies contained in his Amended Complaint.  Each time the Plaintiff was informed that his Amended Complaint would be dismissed if he did not comply with the Federal Rules and allege more than a mere conclusory allegation that the statute violates the First Amendment of the United States Constitution.  Yet once again, the Plaintiff fails to comply with the Court's Orders.

The Plaintiff's Amended Complaint is nothing more than a conclusory allegation that fails to comply with Fed. R. Civ. P. 8 and 10. A plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007).  The Plaintiff's failure to follow the Court's instructions is fatal to his claim.  Therefore, his claim will be dismissed with prejudice.

Accordingly, it is now **ORDERED:**

Plaintiff Michael Reilly's Amended Complaint (Doc. #9) is **DISMISSED with prejudice**.  The Clerk of the Court is directed to enter judgment accordingly, terminate all pending motions and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of July, 2015.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record